IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**CASTO LAND, INC., UNIVERSAL
HOLDINGS, LLC, CLIFFORD SMITH,
STEPHANIE SMITH, and JIMMIE LAPSLEY,**
each for themselves and on behalf of all others
similarly situated,

        Plaintiffs,

v.                                   Civil Action No. __3:24-cv-00296__
                                  (Formerly Civil Action No. 24-C-155
                                  in the Circuit Court of Cabell County)

**CITY OF HUNTINGTON, WEST
VIRGINIA,** a municipal corporation, and
**STEVE WILLIAMS,** individually and in his
capacity as Mayor and Director of Vacant
Buildings for the City of Huntington, West Virginia,
**KATHY BURKS,** individually and in her capacity
As the Director of Finance for the City of Huntington,
West Virginia, **SHERRY WILKINS,** individually
and in her capacity as the Director of the Municipal
Stormwater System for the City of Huntington, West
Virginia.

        Defendants.

## NOTICE OF REMOVAL

Defendants City of Huntington, West Virginia, a municipal corporation, Steve Williams, individually and in his capacity as Mayor and Director of Vacant Buildings for the City of Huntington, West Virginia, and Kathy Burks, individually and in her capacity as the Director of Finance for the City of Huntington, West Virginia (collectively "these Defendants"), by counsel, Lee Murray Hall, Megan L. Southern, and Jenkins Fenstermaker, PLLC, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, file this Notice of Removal ("Notice of Removal") to the United

States District Court for the Southern District of West Virginia, Huntington Division, from the Circuit Court of Cabell County, West Virginia on the following grounds:

### OVERVIEW OF PLAINTIFFS' STATE COURT LAWSUIT

1. Plaintiffs Casto Land, Inc., Universal Holdings, LLC, Clifford Smith, Stephanie Smith, and Jimmie L. Lapsley,[1] each for themselves and on behalf of all others similarly situated (collectively, "Plaintiffs") are a putative class of owners of real estate located in Huntington, West Virginia who are delinquent in their assessed fees for fire protection services, refuse service, vacant building fees, and/or stormwater services.

2. Plaintiffs' complaints fall into five separate "class" categories, as plead in the Amended Complaint:

    a. Class One: Owners of real property encumbered by unreleased fire, refuse, and/or vacant building liens filed against ALL property of the owners;

    b. Class Two: Owners of real property encumbered by unreleased fire, refuse, vacant building and stormwater liens claiming delinquent fees which include sums for ultra vires assessments and/or sums accruing more than five years prior to the City sending pre-filing letters notifying the owners of the City's intent to file liens;

    c. Class Three: Owners of dwellings used primarily as residences, by being assessed ad valorem property taxes as Class 2 properties, who, during the one year preceding March 12, 2024, were sent bills, pre-filing letters and/or had fire, refuse and stormwater liens filed encumbering their property, any of which asserted the right to collect delinquent fees including sums accruing more than five years prior to the City sending bills, pre-filing letters and/or filing liens;

    d. Class Four: Owners of real property located in the City encumbered by unreleased fire, refuse, vacant building and stormwater liens who, within two years preceding the filing of this action, did not receive pre-filing letters giving them an opportunity to be heard before the liens were filed; and

    e. Class Five: Owners of real property located in the City of Huntington who have, within the past three years preceding the filing of this action, paid or otherwise

---

[1] Jimmie L. Lapsley is also the Plaintiff in an action currently pending before this Court captioned, *Jimmie L. Lapsley v. City of Huntington, West Virginia and Kathy Burks, individually and in her capacity as the Director of Finance for the City of Huntington West Virginia*, Civil Action No. 3:24-cv-00204. Civil Action No. 3:24-cv-00204 asserts many of the same claims and facts asserted in the instant action, at least as they pertain to Mr. Lapsley.

2

> satisfied fees asserted and claimed in fire, refuse, vacant building and stormwater bills, pre-filing letters and/or liens that included ultra vires assessments and/or fees that were time barred from being collected.

*See* Amd. Compl. ¶64.

3. On or about April 29, 2024, Plaintiffs instituted Civil Action No. 24-C-155 in the Circuit Court of Cabell County, West Virginia against Defendants. Prior to serving the original Complaint on Defendants, Plaintiffs filed the operative First Amended Complaint on May 13, 2024.

4. In the First Amended Complaint, Plaintiffs have asserted claims for declaratory action and negligence against Defendants, attacking the validity of fire, refuse and vacant building liens and fees, claiming the same are "time barred and ultra vires liens and fees." Compl. at ¶¶71-103. In addition, Plaintiffs have asserted a claim for alleged violations of the West Virginia Consumer Credit Protection Act ("WVCCPA") on the basis that Plaintiffs are "consumers," the City, Finance Director and Stormwater Director are "debt collectors," and the delinquent fees sought to be collected are "claims," all as defined by the WVCCPA. Compl. at ¶¶104-107. Plaintiffs claim that the City, Finance Director, and Stormwater Director used unfair unconscionable means to collect the delinquent fees. *Id*. ¶¶110-117.

5. Lastly, Plaintiffs claim that their constitutional due process rights were violated for the alleged failure of Defendants to provide notice to the property owners of their intent to record liens for delinquent fire, refuse, stormwater, or vacant building fees prior to actually recording the same. *Id*. ¶¶118-129.

**GROUNDS FOR REMOVAL**

**I. PLAINTIFFS HAVE ASSERTED A FEDERAL QUESTION PURSUANT TO 28 U.S.C. §1331 BY ALLEGING VIOLATIONS OF THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C §1983.**

Count VI of Plaintiffs' First Amended Complaint asserts a claim pursuant to 42 U.S.C. § 1983 for deprivation of property without due process in violation of the Fourteenth Amendment of the United States Constitution ("§1983 Claim"). It is clear that Plaintiffs' §1983 Claim arises under the "**Constitution**, laws, or treatises" of the United States within the meaning of 28 U.S.C. § 1331. Thus, this action may be removed to this Court without regard to the citizenship or residence of the parties or the amount in controversy.

**II. THIS COURT HAS SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' REMAINING CLAIMS.**

Federal "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C § 1367(a).

Under 28 U.S.C. §1367(a),

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

As stated above, Count VI of Plaintiffs' First Amended Complaint asserts a §1983 Claim, thereby implicating Federal Question jurisdiction. Count VI is specifically related to Defendants' recording liens for delinquent fire, refuse, vacant building, and/or stormwater fees. Count I of Plaintiffs' First Amended Complaint asserts a claim for "Class One Dec Action Facial Attack on Fire, Refuse and Vacant Building Liens." Count II asserts a claim for "Class Two Dec Action

4

Attack on Time Barred and Ultra Vires Liens and Fees," specifically, fire, refuse, and stormwater liens and fees. Count III asserts a claim for "Class One Fraudulent Facial Liens," specifically, fire, refuse, and vacant building liens. Count IV asserts a claim for "Class Two Fraudulent Time-Barred and Ultra Vires Liens," related to fire, refuse, vacant building, and stormwater liens and fees. Count V asserts a claim for violations of the WVCCPA based upon the alleged collection attempts of the delinquent fire, refuse, and stormwater fees. Lastly, Count VII asserts a claim for "Class Five Refund of Time Barred Fees and Ultra Vires Payments," related to fire, refuse, vacant building, and stormwater fees and payments.

Plaintiffs' remaining claims, including their WVCCPA claim, all arise from the same case and controversy as their constitutional claim. All are founded on the same set of facts and circumstances surrounding the alleged invalid and time-barred fire, refuse, vacant building, and stormwater fees and liens and Defendants' collection efforts of the same. As the state law claims are based upon the same facts and circumstances alleged by Plaintiffs in support of their federal due process claim, this Court may exercise supplemental jurisdiction over all asserted state law claims.

### III. DEFENDANTS HAVE COMPLIED WITH THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

1. The time for filing this *Notice of Removal* under the provisions of 28 U.S.C. §1446(b) and all applicable laws, has not yet expired and Defendants have not yet pleaded, answered or otherwise appeared as to the First Amended Complaint.

2. This *Notice of Removal* has been timely filed with the Court within 30 days of service of the state court First Amended Complaint and Summons upon Defendants. Counsel for Defendant Sherry Wilkins accepted service of the Summons and First Amended Complaint in the state court

5

action on May 23, 2024. Counsel for these Defendants accepted service of the Summons and First Amended Complaint in the state court action on May 24, 2024.

3. In compliance with 28 U.S.C. §1446(a), copies of all process, pleadings and orders served upon Defendants in this action are filed together with this *Notice of Removal*.

4. Pursuant to 28 U.S.C. §1446(d), a true and accurate copy of this *Notice of Removal* has been filed with the Circuit Court of Cabell County, West Virginia along with a *Notice to State Court of Filing of Removal to the United States District Court*, a copy of which is attached hereto as **Exhibit A**.

5. A written notice of the filing of this *Notice of Removal* has been served on the Plaintiffs, through counsel, as required by 28 U.S.C. §1446(d).

6. Pursuant to 28 U.S.C. § 1447(b) and the Local Rules of the Southern District of West Virginia, attached to this Notice of Removal is a certified copy of the state court record (**Exhibit B**) and a copy of the state court docket sheet (**Exhibit C**) for filing with the Clerk of the United States District Court for the Southern District of West Virginia.

7. Co-Defendant Sherry Wilkins has agreed to the removal and signed the attached Consent to Removal (**Exhibit D**).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1441, as Plaintiffs' state court lawsuit is located in this district and division.

WHEREFORE, Defendants City of Huntington, West Virginia, a municipal corporation, Steve Williams, individually and in his capacity as Mayor and Director of Vacant Buildings for the City of Huntington, West Virginia, and Kathy Burks, individually and in her capacity as the Director of Finance for the City of Huntington, West Virginia, file this Notice of Removal so that

the entire state court action under Civil Action No. 24-C-155 currently pending in the Circuit Court of Cabell County, West Virginia, may be removed to this Court for all further proceedings.

**TRIAL BY JURY IS DEMANDED.**

    Respectfully submitted,

    **CITY OF HUNTINGTON, WEST VIRGINIA, a municipal corporation, and STEVE WILLIAMS, individually and in his capacity as Mayor and Director of Vacant Buildings for the City of Huntington, West Virginia, KATHY BURKS, individually and in her capacity as the Director of Finance for the City of Huntington, West Virginia,**

    **By Counsel,**

*/s/ Megan L. Southern*
Lee Murray Hall, Esquire (WVSB #6447)
Megan L. Southern, Esquire (WVSB #13529)
**JENKINS FENSTERMAKER, PLLC**
Post Office Box 2688
Huntington, West Virginia 25726-2688
Phone: (304) 523-2100 | Fax: (304) 523-2347
LMH@jenkinsfenstermaker.com
MLS@jenkinsfenstermaker.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# HUNTINGTON DIVISION

**CASTO LAND, INC., UNIVERSAL**
**HOLDINGS, LLC, CLIFFORD SMITH,**
**STEPHANIE SMITH, and JIMMIE LAPSLEY,**
**each for themselves and on behalf of all others**
**similarly situated,**

      **Plaintiffs,**

v.                                          Civil Action No. __3:24-cv-00296__
                                           **(Formerly Civil Action No. 24-C-155**
                                           **in the Circuit Court of Cabell County)**

**CITY OF HUNTINGTON, WEST**
**VIRGINIA, a municipal corporation, and**
**STEVE WILLIAMS, individually and in his**
**capacity as Mayor and Director of Vacant**
**Buildings for the City of Huntington, West Virginia,**
**KATHY BURKS, individually and in her capacity**
**As the Director of Finance for the City of Huntington,**
**West Virginia, SHERRY WILKINS, individually**
**and in her capacity as the Director of the Municipal**
**Stormwater System for the City of Huntington, West**
**Virginia.**

      **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2024, I electronically filed the foregoing ***Notice of Removal*** using the CM/ECF system. I further certify that on July 17, 2024, a copy of the foregoing ***Notice of Removal*** was sent via U.S. Mail, postage prepaid, upon the following counsel of record:

J. William St. Clair, Esquire
P.O. Box 592
Huntington, WV 25710
*Counsel for Plaintiffs*

8

Scott W. Andrews, Esquire
Steptoe & Johnson, PLLC
825 Third Avenue, Suite 400
Huntington, WV 25701
*Counsel for Defendant Sherry Wilkins*

　　　　　　　　　　　　　　　　　　　　*/s/ Megan L. Southern*

**JENKINS FENSTERMAKER, PLLC**
Post Office Box 2688
Huntington, West Virginia 25726-2688
Telephone: (304) 523-2100
Fax: (304) 523-2347